■ In the Matter of ALFONSO MELOHN, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Respondent. [622 NYS2d 36] —Order, Supreme Court, New York County (Martin Evans, J.), entered on or about April 1, 1993, which granted reargument and thereupon adhered to the court's determination of December 1, 1992, confirming respondent's denial of petitioner's application for J51 tax benefits, unanimously reversed, on the law, and the matter remanded for a hearing in accordance with this memorandum, without costs.

In order for an applicant for a J51 tax abatement to be entitled to the issuance by respondent Department of Housing Preservation and Development ("HPD") of a Certificate of Eligibility and Reasonable Cost it is not necessary that the Building Department have already issued to HPD a certification that the premises were free from violations and the work was satisfactorily completed (Form TA-3) or that an applicant show that he was entitled to such certification *(see,* Department of Housing Preservation and Development Rules and Regulations, as Amended, Governing Tax Exemption and Tax Abatement, Pursuant to Section J51-2.5 [now § 11-243] of the Administrative Code of the City of New York and Section 489 of the Real Property Tax Law [J51 Rules] § 2.4 [7]; §§ 4.4-4.6). Rather, both the statutory scheme and the J51 Rules unambiguously provide that a Certificate of Eligibility and Reasonable Cost, which fulfills the requirements of Administrative Code of the City of New York § 11-243 (f), and a Form TA-3, which is prepared by the Building Department at the behest of HPD pursuant to section 11-243 (g), are independent requirements which must both be obtained before the applicant may receive the actual abatement from the Department of Finance *(see,* J51 Rules § 4.9). Thus, the IAS Court erred in finding that respondent was not arbitrary and capricious for denying petitioner a Certificate of Eligibility and Reasonable Cost based on the fact that petitioner did not become eligible for a Form TA-3 until after the expiration of the 48-month period permitted to an applicant to complete the submission of documentation required for issuance of a Certificate of Eligibility and Reasonable Cost *(see,* J51 Rules § 2.4 [7]).

Since questions of fact remain as to whether the paperwork

which was legitimately required of petitioner for issuance of the Certificate was timely filed, we remand for a hearing.

Motion for reargument is granted, and upon reargument the prior unpublished decision and order of this Court entered on November 10, 1994 is recalled and vacated, and a new memorandum substituted therefor. That portion of the motion which seeks leave to appeal to the Court of Appeals is denied. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.